IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESMART GROUP PTY LIMITED, and THE FIRE COMPANY PTY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVATIONS M2, LLC, and BRAD BLAYLOCK,<br><br>Defendants. | Court File No.: 07-CV-06137<br><br>Judge Suzanne B. Conlon<br><br>Magistrate Judge Nolan |

## MOTION FOR ENTRY OF DEFAULT ORDER AND JUDGMENT AGAINST DEFENDANT, INNOVATIONS M2, LLC

Plaintiffs, Esmart Group Pty Limited and The Fire Company Pty Limited ("Plaintiffs"), by and through their attorneys and pursuant to Federal Rule of Civil Procedure 55, respectfully request that this Court enter a default order and judgment against Defendant, Innovations M2, LLC ("Innovations") and in favor of Plaintiffs and grant the relief requested below. In support of its Motion, Plaintiffs state as follows:

1. On October 30, 2007, Plaintiffs filed their Complaint for Patent Infringement requesting Relief in the form of a judgment of infringement, a permanent injunction, an award of damages, an award trebling the damages, an assessment of costs including attorneys' fees and prejudgment interest and Other Relief. A true and correct copy of the Complaint is attached as Exhibit A.

2. On December 4, 2007, Innovations was timely and properly served a copy of the Summons and Complaint. The Executed Return of Service confirming service of the Summons and Complaint on Innovations was filed with this Court on December 6, 2007 and a true and

correct copy of such Return of Service is attached hereto as Exhibit B. Accordingly, Innovations was required to answer or otherwise plead to the Complaint on or before December 24, 2007.

3. As of the date of this Motion, Innovations has failed to answer or otherwise plead to the Complaint and more than twenty (20) days have passed since Innovations was served with the Summons and Complaint.

4. Pursuant to Federal Rule of Civil Procedure 55, Innovations is in default based upon this failure to appear and answer or otherwise plead in response to the Complaint.

5. Accordingly, Plaintiffs seek entry of an Order finding Innovations in default with respect to the Complaint, and entering judgment against Innovations prayed for in the Complaint. *See* Fed. R. Civ. P. 55(a).

6. Plaintiffs seek the entry of injunctive relief against Innovations, as previously outlined in Plaintiffs' Complaint. The Court may grant such relief in conjunction with the entry of default judgment. *See, e.g., Johnson v. Kakvand*, 192 F.3d 656, 657 (7th Cir. 1999) (injunctive relief granted with the entry of default judgment); *Chase Int'l, Inc. v. Link and Pan of Texas, Inc.*, No. 94 C 6533, 1995 WL 506056 (N.D. Ill. Aug. 17, 1995) (same in the context of a case involving copyright and tradedress infringement). Specifically, Plaintiffs seek entry of the following injunctive relief against Innovations:

(a) the entry of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Innovations, each of its representatives, officers, directors, members, agents, servants, employees and attorneys and any and all persons in active concert or participation with Innovations from directly or indirectly making or causing to be made, from offering for sale,

selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) set forth and claimed in U.S. Patent No. 7,287,979 patent, including but not limited to the Climart Starline Unvented Alcohol-Fuel-Burning Decorative Heaters (UL listing LRBA.MH45397) (the "Infringing Products");

(b) the entry of an order requiring Innovations to recall and surrender all of the Infringing Products that it owns and are in its possession or under its control; *See Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 106 F.Supp.2d 696 (D. N.J. 2000); and

(c) the entry of an order requiring the recall and surrender of all Infringing Products not owned, in the possession of or under the control of Innovations, but owned by, in the possession of or under the control of any and all of the distributors, retailers and agents of Innovations. *See id.*

7. Plaintiffs also seek monetary damages from Innovations, which the Court may also provide in conjunction with default judgment. *See, e.g., Guess?, Inc. v. Chang*, 163 F.R.D. 505, 507 (N.D. Ill. 1995) (court enters default judgment in the amount of $476,283 plus attorney's fees in trademark infringement matter). To that end, Plaintiffs ask the Court to order an accounting of all of Innovations' profits derived from the acts of infringement outlined in Plaintiffs' Complaint. Plaintiffs request a hearing to prove damages after Innovations provides said accounting.

8. Finally, Plaintiffs also seek monetary relief in the amount of Plaintiffs' reasonable attorneys' fees and prejudgment interest and costs of suit. The Court is also allowed to grant this relief. *Id.* Plaintiffs request a hearing to prove such reasonable attorneys' fees and prejudgment interest and costs of suit.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor, grant the relief outlined above, and provide any other relief the Court deems just and proper.

Respectfully submitted,

ESMART GROUP PTY LIMITED and
THE FIRE COMPANY PTY LIMITED

Dated: February 5, 2008

By: s/ Michael J. Turgeon
One of Their Attorneys

Angelo J. Bufalino
Robert S. Rigg
Michael J. Turgeon
VEDDER PRICE, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
E-Mail: mturgeon@vedderprice.com