RECEIVED

FEB 2 6 2008

JUDGE SUZANNE B. CONLON
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESMART GROUP PTY LIMITED, and THE FIRE COMPANY PTY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVATIONS M2, LLC, and BRAD BLAYLOCK,<br><br>Defendants. | Court File No.: 07-CV-06137<br><br>Judge Suzanne B. Conlon<br><br>Magistrate Judge Nolan |

## FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT

Plaintiffs, Esmart Group Pty Limited ("Esmart") and The Fire Company Pty Limited ("Fire Company") (collectively, the "Plaintiffs"), and Defendant, Brad Blaylock (the "Defendant"), having executed a Settlement Agreement with an Effective Date of February 8, 2008 in settlement of this action and having consented to the entry of this Judgment, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the Defendant and the subject matter of this action and venue is proper.

2. Esmart is the owner of all rights, title and interest in, to and under U.S. Patent No. 7,287,979 ("the '979 patent"), including the right to sue for infringement and recover damages resulting therefrom and Fire Company is the operating company for Esmart.

3. Defendant acknowledges and agrees that the '979 patent is valid, enforceable, and infringed by the manufacture, use, sale, offer for sale and/or importing into the United States of

the Starline Climart Bio-Fireplaces (Unvented Alcohol-fuel-burning Decorative Heaters - UL listing LRBA.MH45397) (the "Infringing Products").

4.  The Defendant, on behalf of himself, and his respective applicable successors, assigns, officers, members, managers, agents, servants, employees, directors, attorneys and others in active concert or participation with the Defendants, both individually and in any corporate or other similar entity type of capacity, are hereby permanently enjoined from making, having made, using, offering for sale, selling and/or importing into the United States the Infringing Products, any equivalents thereof or any other product that is covered by the '979 patent.

5.  Each party shall bear its own costs and attorneys' fees.

6.  This Court retains jurisdiction of this matter as necessary to resolve disputes, if any, arising between Plaintiffs and Defendant insofar as it relates to compliance by the parties with the terms of this Final Judgment and Permanent Injunction by Consent and with the Settlement Agreement.

ENTERED, this 27th day of February, 2008

Suzanne B. Conlon
Hon. Judge Suzanne B. Conlon
UNITED STATES DISTRICT JUDGE